# CV 15 6852

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



RECEIVED
DEC 0 2 2015
PRO SE OFFICE

---------------------------------------------------------X

BISHME ALLAH; NAKISHA CLAIBORNE;   )
NAKISHA CLAIBORNE, for MINOR CHILD A.A.,  )
  )
  )
  )
                       Plaintiffs,  )
  )
  )
         -against-  )
  )
The CITY OF NEW YORK; GLADYS CARRION,  )
Commissioner of the New York City Administration for  )
Children's Services; MARGARET ADEYELE, a Child  )
Protective Specialist Supervisor for the New York City  )
Administration for Children's Services, MITCHELL  )
WALKER, a Child Protective Specialist Supervisor for the  )
New York City Administration for Children's Services;  )
BAAJNARINE SINGH, a Child Protective Specialist for  )
the New York City Administration for Children's Services; )
MICHELLE GLATT, an Attorney for the New York City  )
Administration for Children's Services;  )
MARY R. O'DONOGHUE, a Judge for the Family Court  )
of the State of New York, County of Queens;  )
  )
                   Defendants.  )
---------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

MAUSKOPF, J.

BLOOM, M.J.

Plaintiff BISHME ALLAH, Plaintiff NAKISHA CLAIBORNE, and Plaintiff MINOR CHILD A.A. hereby bring this action under 42 U.S.C. §§ 1983, 1985 (3) to redress their civil rights and allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs, BISHME ALLAH, NAKISHA

CLAIBORNE, MINOR CHILD A.A., seek relief from the defendants' violations of their rights

secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 (3) and by the First, Fifth, and

Fourteenth Amendments to the United States Constitution. Plaintiffs seek declaratory relief,

1

injunctive relief, compensatory and punitive damages, and such further relief as this Court deems
just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 (3) and the First, Fifth, and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violations of

the Plaintiffs' constitutional rights.

3. Venue in this District is proper under 28 U.S.C. § 1391 (b) in that the events giving rise to this

claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

Plaintiffs

4. At all relevant times to this action, Plaintiff BISHME ALLAH was a resident of Queens

County, New York.

5. At all relevant times to this action, Plaintiff NAKISHA CLAIBORNE was a resident of New

York County, New York.

6. At all relevant times to this action, Plaintiff MINOR CHILD A.A. was a resident of New York

County, New York.


Defendants

7. Defendant CITY OF NEW YORK is a municipal corporation duly incorporated and existing

pursuant to the laws of the State of New York. The City of New York maintains the New York

City Administration for Children's Services (hereinafter referred to as "ACS") as a constituent

department or agency- with headquarters maintained at 150 William Street New York, NY

2

10038. Corporation Counsel, for Defendant CITY OF NEW YORK, is maintained at 100 Church Street, New York, NY 10007.

8. Defendant GLADY CARRION is the ACS Commissioner for the City of New York, with supervisory authority over all employees and operations of ACS, including the responsibility for training, recruiting, and managing all ACS employees. She is sued in her official capacity.

9. Defendant MICHELLE B. GLATT is or was an Attorney employed by ACS during all relevant times. She is sued in her official and individual capacity.

10. Defendant MITCHELL WALKER is or was a Child Protective Special Supervisor for ACS during all relevant times. He is sued in his official and individual capacity.

11. Defendant MARGARET ADEYELE is or was a Child Protective Specialist Supervisor for ACS during all relevant times. She is sued in her official and individual capacity.

12. Defendant BAAJNARINE SINGH is or was a Child Protective Specialist worker for ACS during all relevant times. He is sued in his official and individual capacity.

13. Defendant MARY R. O'DONOGHUE is or was a Judge for the Family Court of the State of New York, County of Queens, Part 12 (located at 151-20 Jamaica Avenue, Jamaica, NY 11432) at all relevant times. She is sued in her official and individual capacity.

## FACTS

14. Plaintiff BISHME ALLAH is and was during all relevant times the non-custodial father of Plaintiff MINOR CHILD A.A.

15. Plaintiff BISHME ALLAH is and during all relevant times was a Licensed Master Social Worker and *mandated reporter* of suspected child abuse and maltreatment.

16. Plaintiff BISHME ALLAH resides, and during all relevant times resided, in Queens County,

3

New York.

17. Plaintiff NAKISHA CLAIBORNE is and was during all relevant times the custodial mother of Plaintiff MINOR CHILD A.A.

18. Plaintiffs NAKISHA CLAIBORNE and MINOR CHILD A.A. reside, and during all relevant times resided, in New York County, New York.

19. On November 10, 2014, at approximately 6 p.m., Plaintiff NAKISHA CLAIBORNE picked up Plaintiff MINOR CHILD A.A. from her child-care provider located several blocks from their home in Upper Manhattan. Plaintiffs NAKISHA CLAIBORNE and MINOR CHILD A.A. remained in their home for the duration of that evening.

20. Also on November 10, 2014, at approximately 6 p.m., Plaintiff BISHME ALLAH, after arriving home from work, was contacted by a then 20-year-old neighbor (hereinafter referred to as "non-party mother") complaining of her temporary inability to feed her one-year-old son (hereinafter referred to as "non-party child"). Plaintiff BISHME ALLAH agreed to lend the non-party mother money and briefly watched the non-party child as she went to the convenience store located two blocks from his home.

21. The non-party mother arrived at Plaintiff BISHME ALLAH's home at approximately 6:55 p.m., left to go to the store at approximately 7:05 p.m., then returned to Plaintiff BISHME ALLAH's home by 7:30 p.m.

22. At approximately 8:30 p.m., the non-party mother brought to Plaintiff BISHME ALLAH's attention swelling that she observed to the right side of her son's head. Plaintiff BISHME ALLAH then drove the non-party mother and child to the nearest hospital (St. John's Episcopal Hospital in Far Rockaway, NY).

4

23. The non-party mother informed Plaintiff BISHME ALLAH that she had recently brought her son to St. John's Episcopal Hospital on at least two occasions, as well as to his pediatrician, for swelling to right side of his head. The non-party mother further informed Plaintiff BISHME ALLAH that her son's pediatrician recommended that he needed a CAT Scan, but that personnel at the hospital had been reluctant to conduct a CAT Scan because of her son's age.

24. On November 10, 2014, while at St. John's Episcopal Hospital, a medical procedure revealed multiple skull fractures to the non-party child's skull.

25. Personnel at St. John's Episcopal Hospital notified the New York City Police Department's (hereinafter referred to as "NYPD") 101st Precinct, and an emergency room nurse, Ezefor Chinwe (herein after referred to as "Nurse Chinwe"), made a report to the New York State Central Registry for Child Abuse and Maltreatment (hereinafter referred to as "State Central Registry").

26. Plaintiff BISHME ALLAH was not named as a *Subject of the Report* pursuant to S.O.S. § 412.

27. The non-party child was subsequently transferred and admitted to Long Island Jewish Hospital in Queens, NY; meanwhile, a multi-disciplinary investigation into the cause of the non-party child's injuries commenced and was conducted by the NYPD, the New York City Administration for Children's Services' (hereinafter referred to as "ACS") Emergency Children's Services (hereinafter referred to as "ECS"), and the Queens County District Attorney's Office.

28. While at Long Island Jewish Hospital, the non-party child was found to have (1) multiple skull fractures, (2) active and *trace hemorrhaging* of the brain, (3) bruises on his abdomen, and

(4) *lesions* on his penis.

29. The responding officers from the 101st precinct escorted the non-party mother to Plaintiff BISHME ALLAH's home. Shortly after their arrival at his home, police officers from the 100th precinct joined the responding officers. Supervisors from both precincts also reported to Plaintiff BISHME ALLAH's home.

30. Plaintiff BISME ALLAH cooperatively allowed the police officers from both precincts to search his home for indications of foul play while he answered the questions of the supervising officers.

31. The police officers confirmed the non-party child's prior visits (06/09/14, 10/27/14, and 11/03/14) to St. John's Episcopal Hospital for head injuries from reported falls. After ruling out Plaintiff BIHME ALLAH's home as a crime scene, the police officers left with the non-party mother.

32. On November 11, 2014, at approximately 12:09 a.m., the investigating Child Protective Specialist, Farhana Afroze (hereinafter referred to as "CPS Worker Afroze") for ACS' ECS unit contacted Nurse Chinwe from St. John's Episcopal Hospital.

33. CPS Worker Afroze was reportedly informed by Nurse Chinwe that the non-party mother provided several different accounts for her child's injuries. According to Nurse Chinwe, the non-party once stated it was only her in the home at the time of the incident, then stated there were two other people in the home; and lastly, the non-party mother reportedly stated that an ACS worker left just prior to the incident.

34. On November 11, 2014, at approximately 1:35 p.m., CPS Worker Afroze reportedly met with the emergency room pediatrician at Long Island Jewish Hospital. The pediatrician, Dr.

6

Israel, reportedly informed CPS Worker Afroze that he could not say how the injuries occurred, if the non-party child's injuries were inflicted, or how old the non-party child's injuries were.

35. On November 11, 2014, at approximately 1:45 a.m., police officers from the 100th Precinct returned to Plaintiff BISHME ALLAH's home, along with the non-party mother, and escorted them to the Queens Child Advocacy Center to be interviewed by Detective John Phelan (hereinafter referred to as "Detective Phelan") of the NYPD's Queens Special Victims Unit.

36. At Detective Phelan's request, Plaintiff BISHME ALLAH provided him with a written statement recounting the time that the non-party mother and non-party child had spent at his home. Detective Phelan informed Plaintiff BISHME ALLAH that he had confirmed the prior hospital visits of the non-party mother and child.

37. On November 11, 2014, at approximately 3:35 a.m., Detective Phelan reportedly informed an employee of ACS' Emergency Services Unit that the non-party mother and Plaintiff BISHME ALLAH denied causing the non-party child's injuries, and that neither of them were being arrested for the non-part child's injuries; however, Detective Phelan arrested the non-party mother for an unrelated matter.

38. Also at this time, Detective Phelan reportedly informed the same ACS employee that the non-party mother reported that there were no other children were in her home, and that Plaintiff BISHME ALLAH had a then one-year-old daughter (Plaintiff MINOR CHILD A.A.) that resided with that child's mother (Plaintiff NAKISHA CLAIBORNE).

39. On or about November 12, 2014, the non-party child's protective services case was re-assigned back to Defendant BAAJNARINE SINGH, under the supervision of Defendant MARGARET ADEYELE, in ACS' Queens Child Protective Unit.

7

40. On November 12, 2014, Defendant MARGARET ADEYELE reviewed the notes from ACS'

Emergency Child Services Unit and back-dated a *Family Services Progress Note* (to June of

2014) indicating that she instructed her subordinate employee, Defendant BAAJNARINE

SINGH to closely monitor the non-party mother and child's case.

41. On November 12, 2014, Defendant BAAJNARINE SINGH entered a *Family Services

Progress Note* for November 10, 2104, indicating that he visited the non-party mother's home

and observed the non-party mother providing inadequate supervision to her son and another non-

party child that she reported to be her nephew.

42. Also on November 12, 2014, Defendant BAAJNARINE SINGH entered an *Investigation

Progress Note* indicating that he spoke with a "Nurse Quinn" at St. John's Episcopal Hospital

who was informed of the non-party child's recent emergency room visits. Defendant

BAAJNARINE SINGH documented his knowledge of the non-party child's hospital visits on

October 27, 2014, November 3, 2014, and November 10, 2014.

43. Also, on November 12, 2014, Defendant MARGARET ADEYELE entered an *Investigation

Progress Note* wherein she referenced inconsistencies in the non-party mother's explanations for

the non-party child's injuries, noted that she instructed Defendant BAAJNARINE SINGH to

speak with Plaintiff BISHME ALLAH, and noted that she instructed Defendant BAAJNARINE

SINGH to deliver, to the non-party mother, a *Notice of Existence* and information for a

forthcoming *Child Safety Conference* that was to be held the following day (11/13/14).

44. On the evening of November 12, 2014, Defendant BAAJNARINE SINGH, and a female

colleague, came to Plaintiff BISHME ALLAH's home. Plaintiff BISHME ALLAH inquired as to

whether he was a *Subject of the Report* and Defendant BAAJNARINE SINGH informed him that

8

he was not.

45. Defendant BAAJNARINE SINGH inquired as to whether Plaintiff BISHME ALLAH had

any children and their whereabouts on the November 10, 2014. Plaintiff BISHME ALLAH

provided Defendant BAAJNARINE SINGH with his two daughters' names and ages, and

informed him that they both were in the care of their respective mothers on that evening.

46. Defendant BAAJNARINE SINGH inquired as to Plaintiff BISHME ALLAH's thoughts on

how the non-party child sustained skull fractures, and Plaintiff BISHME ALLAH informed him

that, based upon the information the non-party child's mother had given him, he believed this to

be a matter of *medical malfeasance*.

47. Defendant BAAJNARINE SINGH inquired, in a way that Plaintiff BISME ALLAH found to

be suggestive, as to the likelihood of the non-party child's maternal grandmother having inflicted

the injuries. Plaintiff BISHME ALLAH informed Defendant BAAJNARINE SINGH that he

could not speculate on the non-party mother's household environment and/or the temperament of

its members because he had never been to their home, nor had he knowingly met any of her

relatives aside from her son.

48. Lastly, Plaintiff BISHME ALLAH informed Defendant BAAJNARINE SINGH that he did

not routinely watch the non-party child for his mother.

49. On November 13, 2014, Defendant MARGARET ADEYELE reportedly spoke with the

child abuse specialist, Dr. Jamie Hoffman-Rosenfeld, from Long Island Jewish Hospital. Dr.

Hoffman-Rosenfeld reportedly informed Defendant MARGARET ADEYELE that the non-party

mother did not offer an explanation for her son's injuries, and that Dr. Hoffman-Rosenfeld did

not inquire with the non-party mother as to how the non-party child sustained his injuries;

9

however, Dr. Hoffman-Rosenfeld reportedly informed Defendant MARGARET ADEYELE of concerns raised regarding the non-party mother's judgement after Dr. Hoffman-Rosenfeld observed the non-party mother walk away from the hospital crib with the railing down while her son was reaching for her and could have easily fallen.

50. Later that day, ACS held the scheduled *Child Safety Conference* for the non-party child pursuant to ACS' written protocol and *Social Service Law*. The reported outcome of this conference was to file a Family Court petition, under Article 10 of the *New York State Family Court Act* (hereinafter referred to as "Article 10 petition"), against the non-party mother for *neglect*.

51. On November 13, 2014, at approximately 6:30 p.m., Detective Phelan reportedly informed Defendant BAAJNARINE SINGH that, based on upon the evidence thus far, no arrests were going to be made.

52. On or about November 14, 2014, Defendant MICHELLE GLATT was consulted by ACS' Queens Child Protective Services (CPS) unit in accordance with ACS' written protocol.

53. On or about November 17, 2014, Defendant MITCHELL WALKER instructed Defendant BAAJNARINE SINGH to file an Article 10 petition on behalf of Plaintiff MINOR CHILD A.A.

54. On November 17, 2014, in the Family Court of the State of New York, County of Queens (hereinafter referred to "Queens County Family Court"), Defendants BAAJNARINE SINGH and MICHELLE GLATT filed a knowingly frivolous and malicious Article 10 petition on behalf of Plaintiff Minor Child A.A. (Family Court Docket No.: NA-21927-14) alleging that she had been *neglected* by Plaintiff BISHME ALLAH on November 10, 2014.

55. On November 17, 2014, Defendants BAAJNARINE SINGH and MICHELLE GLATT

unlawfully named Plaintiff BISHME ALLAH as respondent in an Article 10 petition (Docket No.: NA-21928-14), for the non-party child. Defendant BAAJNARINE SINGH and MICHELLE GLATT alleged Plaintiff BISHME ALLAH to be a *Person Legally Responsible* for the non-party child while failing to state a claim for which Plaitniff BISHME ALLAH could be deemed as such pursuant to FCA § 1012(g).

56. Defendants MITCHELL WALKER, MARGARET ADEYELE, BAAJNARINE SINGH, and MICHELLE GLATT knew or should have known (A) that Plaintiff MINOR CHILD A.A. had not been neglected by Plaintiff BISHME ALLAH on November 10, 2014, (B) that ACS lacked the lawful authority to file the petition on her behalf, (C) that their filing of the Article 10 petition on her behalf violated ACS' written protocol, (D) that the evidence did not indicate that the Plaintiff BISHME ALLAH was a *Person Legally Responsible* for the non-party child, and (E) that the two children shared no legal relationship nor resided in the same household.

57. FCA § 1011 stipulates:

> "This article is designed to establish procedures to help protect children from injury or mistreatment and help safeguard their physical, mental, and emotional well-being. It is designed to provide a due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that his [or her] needs are properly met."

58. On November 17, 2014, in the Queens County Family Court, Defendant MARY R. O'DONOGHUE held one *ex parte* hearing for both Article 10 petitions.

59. During the November 17th *ex parte* hearing, Defendants BAAJNARINE SINGH and MICHELLE GLATT informed Defendant MARY R. O'DONOGHUE (A) that the two children were not siblings nor resided in the same household, (B) that the non-party mother's home presented an imminent risk to her son that could not be remove by the issuance of a Temporary

11

Order of Protection, (C) that they were not alleging the non-party mother to be a *Person Legally Responsible* for Plaintiff MINOR CHILD A.A., and (D) that neither Plaintiff BIHSME ALLAH nor Plaintiff NAKISHA CLAIBORNE had been served with the petition for Plaintiff MINOR CHILD A.A.

60. Nevertheless, on November 17, 2014, Defendant MARY R. O'DONOGHUE issued a Temporary Order of Protection (A) that prohibited Plaintiff BISHME ALLAH from freely parenting Plaintiff MINOR CHILD A.A., and (B) that falsely indicated that Plaintiff BISHME ALLAH was present in Court and advised of the issuance and contents of the Order.

61. In order to conceal her misconduct, on or about November 17, 2014, Defendant MARY R. O'DONOGUE falsely indicated or instructed an employee of the Family Court to falsely indicate, in the Court's electronic records, that the matter had been properly *joined* during the *ex parte* hearing that commenced the knowingly unlawful proceedings.

62. Said defendant employees of ACS and Defendant MARY R. O'DONOGHUE, while acting under color of law and in concert, are depriving the Plaintiffs of their constitutionally protected rights to *equal protection under the law* and *due process of law* by virtue of knowingly engaging in acts with disregard to the governing procedural guidelines meant to protect those very rights.

63. The next day, November 18, 2014, Plaintiff BISHME ALLAH was *falsely arrested* and subsequently *maliciously prosecuted* for the criminal allegation of having inflicted injuries upon the non-party child.

64. On November 21, 2014, Plaintiff BISHME ALLAH was released on bail pending the Criminal Court case regarding the non-party child.

65. On or about November 25, 2014, Defendant MARY R. O'DONOGHUE issued a summons

for Plaintiff BISHME ALLAH, on December 1, 2014, before the Queens County Family Court.

66. Again, on or about November 25, 2014, Defendant MARY R. O'DONOGHUE knowingly falsified Court records or knowingly instructed an employee of the Queens County Family Court to falsify Court records indicating that a summons had been issued to Plaintiff BISHME ALLAH on the day that he had been released on bail (November 21, 2014).

67. On December 1, 2014, Plaintiff BISHME ALLAH appeared before the Queens County Family Court and respectfully informed Defendant MARY R. O'DONOGHUE that (A) ACS lacked the lawful authority to file a petition on behalf of Plaintiff MINOR CHILD A.A., (B) that pursuant to FCA § 1012 (g) Plaintiff BISHME ALLAH was not a *Person Legally Responsible* for the non-party child, (C) that the Queens County Family Court lacked jurisdiction over Plaintiffs BISHME ALLAH and MINOR CHILD A.A., and (D) that while the criminal allegations that Plaintiff BISHME ALLAH inflicted injuries upon the non-party child were false, it was a matter to be prosecuted in the Criminal Court.

68. At this time Plaintiff BISHME ALLAH was unaware that his *false arrest* was precipitated by the unlawful Family Court proceedings.

69. Also during the December 1st Family Court hearing, Plaintiff BISHME ALLAH made it unequivocally clear that he neither wanted nor needed a court-appointed attorney. Nevertheless, Defendant MARY R. O'DONOGHE assigned him a court-appointed attorney who in turn waived the reading of the allegations without any consultation whatsoever with Plaintiff BISHME ALLAH.

70. On or about December 4, 2014, Defendant BAAJNARINE SINGH visited the home of Plaintiffs NAKISHA CLAIBORNE and MINOR CHILD A.A. After Plaintiff NAKISHA

13

CLAIBORNE informed him that Plaintiff MINOR CHILD A.A. was in her care on the evening of November 10, 2014, and that she was confident that Plaintiff BISHME ALLAH had not inflicted injuries upon a child, Defendant BAAJNARINE SINGH threatened to have Plaintiff MINOR CHILD A.A. and Plaintiff NAKISA CLAIBORNE's other non-party daughters removed from her care and placed into foster care.

71. On February 11, 2015, the Queens County Grand Jury, of the New York City Criminal Court, exonerated Plaintiff BISHME ALLAH from the criminal allegations, and dismissed the criminal charges after finding no *reasonable cause* that he inflicted injuries upon the non-party child.

72. On or about February 21, 2015, after Plaintiff BISHME ALLAH presented at physician's office with a blood pressure reading of 210/150, he was informed that he was imminent risk of suffering from a stroke, prescribed blood pressure medications then referred to mental health counseling to address his symptoms of *Anxiety* and *Sleep Deprivation*.

73. In March of 2015, Plaintiff BISHME ALLAH was diagnosed with suffering from an *Adjustment Disorder* as a direct result of his legal issues.

74. On April 14, 2015, Defendant MICHELLE GLATT informed Defendant MARY R. O'DONOGHUE, in open court, that ACS would establish Plaintiff BISHME ALLAH as a Person Legally Responsible for the non-party child by virtue of being the biological father of Plaintiff MINOR CHILD A.A.

75. On April 14th, July 13th, and July 30th of 2015, Defendant MARY R. O'DONOGHUE, in excess of the discretion afforded by statute, refused to acknowledge the non-party mother's acceptance of ACS's plea offering under FCA § 1051(a) for the injuries sustained by the non-

party child.

76. On or about July 30, 2015, Defendant MARY R. O'DONOGHUE issued another malicious Temporary Order of Protection prohibiting Plaintiff BISHME ALLAH from freely parenting Plaintiff MINOR CHILD A.A.- which again falsely indicated Plaintiff BISHME ALLAH's having been advised of the issuance and contents of the Order.

77. On July 30, 2015, Plaintiffs BISHME ALLAH and NAKISHA CLAIBORNE were present in Queens County Family Court, and neither of them were informed of the issuance of an Order of Protection.

78. The next day, July 31, 2015, at approximately 11 p.m., two unknown female employees of ACS went to Plaintiff NAKISHA CLAIBORNE's home, reportedly at the request of Defendant MARY R. O'DONOGHUE; and after threatening the removal of Plaintiff NAKISHA CLAIBORNE's children, searched her home for Plaintiff BISHME ALLAH without a search warrant.

79. On September 28, 2014, Defendant MARY R. O'DONOGHUE again refused to acknowledge the non-party mother's acceptance of ACS' plea offering under FCA § 1051 (a), then informed the parties that she would not accept a plea from "her" [the non-party mother] without a plea from "him" [Plaintiff BISHME ALLAH], thereby establishing that Plaintiff BISHME ALLAH's deprivation of civil rights, on at least her part, was unconstitutionally based upon his gender and/or sex.

80. Prior to the actions of the defendant employees of ACS and Defendant MARY R. O'DONOGHUE, Plaintiff MINOR CHILD A.A. was accustomed to regularly being parented by Plaintiff BISHME ALLAH. Plaintiff BISHME ALLAH also picked-up Plaintiff MINOR CHILD

A.A. from her child care provider several days per week. In addition to throwing tantrums where she calls for her "daddy," Plaintiff MINOR CHILD A.A. reportedly runs to and grabs the legs of fathers as they pick-up their children from Plaintiff MINOR CHILD A.A.'s child care provider.

81. Plaintiff BISHME ALLAH is actively and unlawfully being deprived of the ability to freely parent Plaintiff MINOR CHILD A.A.; while Plaintiff MINOR CHILD A.A. now two years of age is being unduly deprived of a healthy relationship with her father. The plaintiffs will never be able to recover the time lost.

82. Plaintiff NAKISHA CLAIBORNE is actively and unlawfully being subjected to searches of her home- under the threat of having her three children removed from her care.

83. The collective and individual acts, taken under color of law, misused Plaintiff MINOR CHILD A.A.- as though she were chattel or a commodity- in an effort to deprive Plaintiff BISHME ALLAH of his livelihood and the requisite emotional well-being to meet his occupational and parental obligations.

## CAUSES OF ACTION

### FIRST CLAIM: MUNICIPAL LIABILITY

### MONELL CLAIM AGAINST THE CITY OF NEW YORK- 42 U.S.C. §1983

84. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

85. The CITY OF NEW YORK directly caused the constitutional violations suffered by the Plaintiffs, and is liable for the damages suffered by the Plaintiffs as a result of the conduct of the Defendant employees of the New York City Administration for Children's Services.

86. At all times relevant to this complaint Defendant CITY OF NEW YORK, by not properly training, supervising, and managing its said employees, engaged in policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendant employees of ACS, and were a direct and proximate cause of the damages and injuries complained of herein.

87. At all times relevant to this complaint Defendant CITY OF NEW YORK, acting through ACS, and through the individual defendant employees, engaged in policies, practices, and/or customs, that promoted the *false arrest, malicious prosecution,* and/or harassment of the Plaintiffs in order to unlawfully and maliciously establish grounds for adding Plaintiff BISHME ALLAH to a report of suspected child abuse and maltreatment in the State Central Registry for which he was not named as a *Subject of the Report* as a matters of fact and law; then use said *false arrest* to unlawfully and maliciously *indicate* said allegations against him in the State Central Registry. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

88. The CITY OF NEW YORK knew or should have known that in instances where children sustain injuries after becoming known to ACS or while under the court-ordered supervision of potentially *negligent* employees, said employees would abuse ACS' prosecutorial and/or executive powers to engage in unconstitutional conduct.


## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § § 1983, 1985 (3)

89. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as is full set forth herein.

90. The conduct and actions of Defendants GLADYS CARRION, MITCHELL WALKER, MARGARET ADEYELE, BAAJNARINE SINGH, MICHELLE GLATT, and MARY R. O'DONOGHUE, acting in concert, conspiratorially, and under color of law, when directing, causing, and/or allowing the continuance of unlawful Family Court proceedings, under Article 10 of the *New York State Family Court Act*, on behalf of the Plaintiff MINOR CHILD A.A., in violation of the *New York State Social Service Law*, the *New York City Administration for Children's Services*' written protocol, and the *New York State Family Court Act*, was done intentionally, willfully, maliciously, with deliberate indifference and/or with reckless disregard for the natural and probable consequences, was done without lawful justification or reason, and caused specific serious physical and emotional suffering in violation of the Plaintiffs' rights as guaranteed under 42 U.S.C. §§ 1983, 1985 (3) and the First, Fifth, and Fourteenth Amendments to the United States Constitution, including the right to *freedom of speech* and address the government, the right to *equal protection under the law*, and the right to *due process of law*.

91. As a direct and proximate result of the foregoing, Plaintiffs are being subjected to great physical and emotional pain, subjected to humiliation, are being deprived of their rights to freely parent, the equal protection to receive nurturing from two parents, and are otherwise being damaged and injured.

92. Defendant GLADYS CARRION, while acting under color of law as the Commissioner of ACS, deprived the plaintiffs BISHME ALLAH, NAKISHA CLAIBORNE, and MINOR CHILD A.A. of their right to *equal protection under the law*, and their rights to *due process of law*, as

afforded by the Fifth and Fourteenth Amendments to United States Constitution.

93. Defendant MITCHELL WALKER, while acting under color of law as a supervising employee for ACS, deprived the plaintiffs BISHME ALLAH, NAKISHA CLAIBORNE, and MINOR CHILD A.A. of their rights to *equal protection under the law*, and their right *to due process of law*, as afforded by the Fifth and Fourteenth Amendments to the United States Constitution.

94. Defendant BAAJNARINE SINGH, while acting under color of law as an employee for ACS, is actively depriving the plaintiffs BISHME ALLAH, NAKISHA CLAIBORNE, and MINOR CHILD A.A. of their rights to *equal protection under the law*, and their right to *due process of law*, as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

95. Defendant MARGARET ADEYELE, while acting under color of law as an employee for ACS, deprived the Plaintiff BISHME ALLAH of his rights to *equal protection under the law,* and his right to *due process of law*, as afforded by the Fifth and Fourteenth Amendments to the United States Constitution.

96. Defendant MICHELLE GLATT, while acting under color of law as an employee for ACS is actively depriving the plaintiffs BISHME ALLAH, NAKISHA CLAIBORNE, and MINOR CHILD A.A. of their rights to *equal protection under the law*, and their right to *due process of law*, as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

97. Defendant MARY R. O'DONOGHUE, while acting under color of law as a Judge for the Family Court of the State of New York, County of Queens, and in the absence of all jurisdiction, is actively depriving the plaintiffs BISHME ALLAH, NAKISHA CLAIBORNE, and MINOR

CHILD A.A. of their rights to *equal protection under the law*, and their right to *due process of law*, as afforded by the Fifth and Fourteenth Amendments to the United States Constitution. Furthermore, Defendant MARY R. O'DONOGHUE deprived Plaintiff BISHME ALLAH of his right to *freedom of speech* and freely addressing the government as afforded by the First Amendment to the United States Constitution.

**WHEREFORE**, Plaintiffs demand the following relief jointly and severally against all of the Defendants:

    a.  Declaratory Relief regarding the rights of children and non-custodial parents;

    b.  Injunctive relief ending the defendant employees of ACS' abuse of the agency's executive and prosecutorial powers;

    c.  Injunctive relief ending the misconduct of Defendant MARY R. O'DONOGHUE;

    d.  Compensatory damages in an amount to be determined by a jury;

    e.  Punitive damages in an amount to be determined by a jury;

    f.  Nominal damages in an amount to be determined by a jury;

    g.  The convening and empaneling of a jury to consider the merits of the claims herein;

    h.  Such further relief as this Court may deem just and proper.

Dated: *11/30/2015*
*New York, NY*

_____
Bishme Allah
193 Beach 60th Street, Suite 2
Arverne, NY 11692
Email: Bishme.Allah@Gmail.com
Phone: (347) 249-7312

Parent of Plaintiff. *MINOR CHILD A.A.*

Sworn to me on this

_____*30*_____ day of *Nov, 2015*

_____
Notary Public
LOIS P.H. GROSVENOR
Notary Public State of New York
ID NO. 01GR6131294
Qualified in Manhattan County
Commission Expires August 1, _*2015*_

Dated: *11/30/2015*
*New York, NY*

_____
Nakisha Claiborne
2034 Adam Clayton Powell Jr Blvd, #5F
New York, NY 10027
Email:KishaC322@Gmail.com
Phone: (917) 946-4632

Parent for Plaintiff *MINOR CHILD A.A.*

Sworn to me this

_____*30*_____ day of *Nov*, 20*15*.

_____
Notary Public

LOIS P.H. GROSVENOR
Notary Public State of New York
ID NO. 01GR6131294
Qualified in Manhattan County
Commission Expires August 1, _*2017*_

21

*Submitted
12/2/15 Bd*

Defendants

The CITY OF NEW YORK
100 Church Street, New York, NY 10007.

GLADYS CARRION, Commissioner of ACS
150 William Street, New York, NY 10038.

MICHELLE GLATT, ACS Attorney
150 William Street, New York, NY 10038

MITCHELL WALKER, ACS
150 William Street, New York, NY 10038

MARGARET ADEYELE, ACS
150 William Street, New York, NY 10038

BAAJNARINE SINGH, ACS
150 William Street, New York, NY 10038

MARY R. O'DONOGHUE
151-20 Jamaica Avenue, Jamaica, NY 11432