UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BISHME ALLAH; NAKISHA CLAIBORNE;
NAKISHA CLAIBORNE, for MINOR
CHILD, A.A.,

        Plaintiffs,

-against-

THE CITY OF NEW YORK; GLADYS
CARRION, Commissioner of the New
York City Administration for Children's
Services; MARGARET ADEYELE, Child
Protective Specialist Supervisor for the New
York City Administration for Children's
Services; MITCHELL WALKER, Child
Protective Specialist Supervisor for the New
York City Administration for Children's
Services; BAAJNARINE SINGH, Child
Protective Specialist for the New York City
Administration for Children's Services;
MICHELLE GLATT, Attorney for the
New York City Administration for Children's
Services; THE STATE OF NEW YORK;
MARY R. O'DONOGHUE, Judge for the
Family Court of the State of
New York, County of Queens,

        Defendants.
------------------------------------------------------------x
BISHME ALLAH,

        Plaintiff,

-against-

STATE OF NEW YORK; PAMELA LEIGH
BISHOP, Assistant District Attorney; MARY
R. O'DONOGHUE, Judge for the Family Court
of the State of New York, County of Queens;
CITY OF NEW YORK; GLADYS CARRION,
Commissioner of the New York City
Administration for Children's Services;
WILLIAM J. BRATTON, Commissioner of the
New York City Police Department; JOHN

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-6852 (CBA) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 17 2016 ★
BROOKLYN OFFICE

1

PHELAN, Detective for the New York City
Police Department; MARGARET ADEYELE,
Child Protective Specialist Supervisor for the New
York City Administration for Children's
Services; DAPHNE ALTEMA, Child
Protective Specialist Supervisor for the New York
City Administration for Children's Services;
BAAJNARINE SINGH, Child
Protective Specialist for the New York City
Administration for Children's Services;
TERRI WALKER, Child Protective Manager
for the New York City Administration for
Children's Services; NORTH SHORE-LONG
ISLAND JEWISH HEALTH SYSTEM;
MICHAEL J. DOWLING, President and
Chief Executive Officer for the North Shore-
Long Island Jewish Health System; JAMIE
HOFFMAN-ROSENFELD, Physician for the
North Shore-Long Island Jewish Health System,

16-CV-333 (CBA) (LB)

Defendants.
-------------------------------------------------------------------x

**AMON, Chief United States District Judge:**

Plaintiffs Bishme Allah, Nakisha Claiborne, and Nakisha Claiborne for Minor Child A.A. filed this <u>pro se</u> action pursuant to 42 U.S.C. §§ 1983 and 1985 on December 2, 2015 (the "first action"). (15-CV-6852, D.E. # 1.) On December 18, 2015, plaintiffs filed an amended complaint adding the State of New York as a defendant and claims under 42 U.S.C. §§ 1981 and 1986, but which otherwise contains substantively the same factual allegations and claims as the original complaint. (15-CV-6852, D.E. # 12, First Action Am. Compl.) On January 21, 2016, Allah filed a second <u>pro se</u> complaint (the "second action"), <u>Allah v. State of New York et al.</u>, 16-CV-333, arising from the same events underlying the first action and asserting substantially the same claims.[1] (16-CV-333, D.E. # 1.) On February 9, 2016, Allah filed an amended complaint in the

---

[1] There are three major differences between the complaints filed in the two actions: (1) Allah is the only plaintiff named in the second action; (2) two defendants named in the first action, the City of New York and Michelle Glatt, are not named in caption of the second action but are discussed in that complaint's factual allegations; and (3) eight

2

second action. (16-CV-333, D.E. # 11, Second Action Am. Compl.) Plaintiffs paid the statutory filing fee to commence both actions. Each action seeks damages and injunctive relief against numerous defendants for their handling of child-abuse allegations levied against Allah in 2014.

For the reasons stated below, the Clerk of Court is hereby ordered to consolidate these actions. Additionally, the claims against the Honorable Mary R. O'Donoghue, Assistant District Attorney Pamela Leigh Bishop, and the State of New York are dismissed.

## BACKGROUND

Plaintiffs Bishme Allah and Nakisha Claiborne are the parents of A.A., a minor child. Allah, a licensed social worker, is A.A.'s non-custodial father and Claiborne is her custodial mother. (First Action Am. Compl. ¶¶ 15–16, 18.) These actions arise from events involving Allah, Claiborne, and A.A. on the evening of November 10, 2014. (Id. ¶ 20.)

On that evening, Claiborne and A.A. were at their home in New York County, and Allah was at his home in Queens County. (Id. ¶¶ 17, 19, 20.) Allah agreed to babysit a neighbor's one-year-old son for approximately thirty minutes while she ran an errand. (Id. ¶¶ 21–22.) Shortly after picking up her son from Allah's home, the neighbor alerted Allah to swelling on the right side of her son's head. (Id. ¶ 23.) Allah then drove the neighbor and her son to St. John's Episcopal Hospital, where a medical procedure revealed that the neighbor's son had sustained multiple skull fractures. (Id. ¶¶ 23, 25.) The neighbor's son was subsequently transferred and admitted to Long Island Jewish Hospital in Queens, New York, where the child was found to have multiple skull fractures, active and trace hemorrhaging of the brain, bruises on his abdomen, and lesions on his

---

defendants are named in the second action but not the first, although all eight are discussed in the factual allegations asserted in the first action's complaint. Although the captions and configurations of the complaints in the two actions differ, the factual allegations are substantively similar and the thrust of the claims is the same: that Allah's constitutional rights were violated by the family court and criminal proceedings that arose from the events of November 10, 2014.

penis. (Id. ¶¶ 28–29.)

After treating the neighbor's son, personnel at St. John's Episcopal Hospital notified the New York City Police Department ("NYPD") and the New York State Central Registry for Child Abuse and Maltreatment. (Id. ¶ 26.) A multi-disciplinary investigation was subsequently commenced and conducted by the NYPD, the Emergency Children's Services ("ECS") Unit of the New York City Administration for Children's Services ("ACS"), and the Queens County District Attorney's Office. (Id. ¶ 28.)

When Allah returned home from the hospital, he allowed NYPD officers to search his home and answered their questions. (Id. ¶¶ 30–31.) He was later escorted to the Queens Child Advocacy Center to be interviewed by defendant NYPD Detective John Phelan. (Id. ¶¶ 36–37.) Around the same time, ACS's ECS unit was conducting interviews of medical personnel at both hospitals. (Id. ¶¶ 33–35.) On November 12, 2014, the ACS case was assigned to defendant Baajnarine Singh, under the supervision of defendant Margaret Adeyele, in ACS's Queens Child Protective Unit. (Id. ¶ 40.) Singh continued investigating the incident in the ensuing days, including by interviewing Allah, the neighbor, and medical personnel and by consulting with NYPD officers working the case. (Id. ¶¶ 41–54.)

On November 17, 2014, an Article 10 petition was filed in Queens County Family Court (Docket No. NA-21928-14) alleging that Allah was responsible for the child's injuries and that he had neglected his own minor child, A.A. (Id. ¶¶ 55–56.) Defendant Judge Mary R. O'Donoghue of the Family Court of the State of New York, Queens County, presided over the resulting proceedings and ultimately issued an order of protection restricting Allah's rights vis-à-vis A.A. (See id. ¶¶ 57–63, 67–71.) Allah was arrested the next day and charged with injuring the neighbor's son. (Id. ¶ 65.) While those criminal proceedings were ongoing, Singh visited

4

Claiborne's home and allegedly threatened to have A.A. and Claiborne's other daughters removed from her care. (Id. ¶ 72.) The criminal charges against Allah were dismissed on February 11, 2015. (Id. ¶ 73.) Allah states that the Family Court matter is still pending with a trial date set for January 26, 2016.[2] (Second Action Am. Compl. ¶ 62.)

Allah alleges that his constitutional rights were violated by the Family Court Article 10 and criminal proceedings, asserting inter alia claims for false arrest and malicious prosecution. He seeks declaratory and injunctive relief and damages. Neither Claiborne nor A.A. makes separate allegations.

## STANDARD OF REVIEW

Federal district courts "may dismiss a frivolous complaint sua sponte even when plaintiff has paid the required filing fee." Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000); see also Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to sua sponte dismiss frivolous suits."). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is also frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.

In applying this standard, the Court is mindful that pro se pleadings are held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and that

---

[2] Because it is unclear to the Court what issue or issues are before the Family Court and whether that matter is still pending, the Court is unable, at this juncture, to determine if the domestic relations exception precludes this Court's exercise of subject matter jurisdiction over plaintiffs' claims. See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12–13 (2004) ("One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations. . . . So strong is our deference to state law in this area that we have recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).

5

"the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Moreover, at the pleading stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

## DISCUSSION

### I. Consolidation of Allah's Actions

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990). Accordingly, cases may be consolidated even where the complaints name different parties or assert distinct causes of action. See Caractor v. Hous. Bridge 93rd Ave. Family Residence, Nos. 13-CV-3800 (SJF) (AKT), 13-CV-7043 (SJF) (AKT), 2014 WL 1351402, at *2–3 (E.D.N.Y. Apr. 2, 2014).

Here, Allah's complaints involve substantially similar claims against virtually the same parties arising from the same events, i.e., the family-court and criminal proceedings that resulted from the events of November 10, 2014. The Court accordingly directs the Clerk of Court to (1) consolidate the two above-captioned cases under docket number 15-CV-6852, the first case filed, and (2) close the case with docket number 16-CV-333 and direct any further filings in that case to 15-CV-6852. The Clerk of Court shall amend the caption for 15-CV-6852 to add the following defendants named in the action bearing docket number 16-CV-333: Police Commissioner William J. Bratton, Detective John Phelan, ACS employees Daphne Altema and

Terri Walker,[3] North Shore-Long Island Jewish Health System, Michael Dowling, and Dr. Jamie Hoffman-Rosenfeld.

## II. Eleventh Amendment Immunity

Insofar as plaintiffs seek damages from the State of New York for the conduct of Judge O'Donoghue and Assistant District Attorney ("ADA") Pamela Leigh Bishop in the handling of Allah's criminal case, those claims are barred by the Eleventh Amendment to the United States Constitution. "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). Congress has not abrogated sovereign immunity from claims brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, nor has New York waived immunity with respect to such claims. See, e.g., Sherman v. Harris, No. 11-CV-4385 (DLI) (JMA), 2012 WL 4369766, at *5 (E.D.N.Y. Sept. 24, 2012) (§§ 1983, 1985, 1986); Chinn v. City Univ. of New York Sch. of Law at Queens Coll., 963 F. Supp. 218, 224 (E.D.N.Y. 1997) (§ 1981). All claims against the State of New York are therefore barred by the Eleventh Amendment. See Fitzgerald, 221 F.3d at 364 (frivolous claims may be dismissed sua sponte even in fee-paid actions); Montero, 171 F.3d at 760 (a complaint is frivolous if the defendant is immune from suit).

Eleventh Amendment immunity extends to agencies and departments of the states as well as state officials acting in their official capacities, including state court judges, McKnight v.

---

[3] Both complaints name an ACS employee with the last name "Walker" as a defendant: Terri Walker, Child Protective Manager, in the first action, and Mitchell Walker, Child Protective Special Supervisor, in the second action. It is unclear if these individuals are the same person.

Middleton, 699 F. Supp. 2d 507, 521–23 (E.D.N.Y. 2010) (dismissing claims asserted against Kings County family court and family court judge in her official capacity on sovereign immunity grounds), and assistant district attorneys prosecuting criminal matters, see Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (Eleventh Amendment bars claims against district and assistant district attorneys acting in their official capacities). Here, all of the factual allegations concerning Judge O'Donoghue and ADA Bishop stem from actions taken in the course of performing their official duties. Accordingly, all claims against Judge O'Donoghue and ADA Bishop in their official capacities are barred by the Eleventh Amendment and dismissed. See Fitzgerald, 221 F.3d at 364; Montero, 171 F.3d at 760.

### III. Judicial Immunity

To the extent plaintiffs assert any claims against Judge O'Donoghue in her individual capacity, those claims are barred by absolute judicial immunity. Judges have absolute immunity for acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or in excess of his authority." Mireles, 502 U.S. at 11 (internal citation and quotation marks omitted). Because all of the factual allegations concerning Judge O'Donoghue arise from acts performed within her judicial capacity, plaintiffs' claims against Judge O'Donoghue in her individual capacity are foreclosed by absolute judicial immunity and are dismissed. See Bliven v. Hunt, 418 F. Supp. 2d 135, 137 (E.D.N.Y. 2005) (dismissing sua sponte claims barred by judicial immunity in fee-paid pro se action); see also Fitzgerald, 221 F.3d at 364; Montero, 171 F.3d at 760.

## IV. Prosecutorial Immunity

Similarly, any claims against ADA Bishop in her individual capacity are barred by prosecutorial immunity. "'[A] state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages'" under § 1983. Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 410, 431 (1976)). Absolute immunity extends to "virtually all acts . . . associated with [the prosecutor's] function as an advocate," including "initiating a prosecution and presenting the case at trial" or at other court proceedings. Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks and citations omitted). As noted above, all of plaintiffs' allegations regarding ADA Bishop involve conduct within the scope of her prosecutorial function. As such, ADA Bishop is absolutely immune from any individual-capacity claims, which are therefore dismissed. See Fitzgerald, 221 F.3d at 364; Montero, 171 F.3d at 760.

## V. Claims on Behalf of Minor Child A.A.

Plaintiffs, non-attorneys proceeding pro se, purport to bring claims on behalf of their minor child. "It is well established that a non-attorney parent may not bring an action on behalf of her minor child." Garland-Sash v. City of New York, No. 04-CV-0301 (NGG) (LB), 2005 WL 2133592, at *7 (E.D.N.Y. Sept. 1, 2005) (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.")). All claims brought on behalf of the minor child A.A. will therefore be dismissed unless counsel files a notice of appearance on behalf of A.A. within thirty (30) days of the date of this Order. See id. (dismissing claims asserted by pro se non-attorney on behalf of minor child after warning plaintiff that failure to obtain counsel would result in dismissal); Bey v. New York, No. 11-CV-

3296 (JS) (WDW), 2012 WL 4370272, at *4 (E.D.N.Y. Sept. 21, 2012) (same); see also Cheung, 906 F.2d at 62 (remanding with instructions for district court to dismiss claims asserted by pro se non-attorney on behalf of minor child if plaintiff did not retain counsel or request counsel).

## CONCLUSION

Accordingly, the Clerk of Court is directed to consolidate the two above-captioned cases under the first case filed, docket number 15-CV-6852. The Clerk of Court shall close the case with docket number 16-CV-333 and direct any further filings in that case to 15-CV-6852. The Clerk of Court is directed to amend the caption for 15-CV-6852 to add the following defendants: William J. Bratton, John Phelan, Daphne Altema, Terri Walker, North Shore-Long Island Jewish Health System, Michael Dowling, and Dr. Jamie Hoffman-Rosenfeld. The claims against the State of New York, Judge O'Donoghue, and ADA Bishop are dismissed as frivolous because these defendants are immune from suit. The Clerk of Court is directed to amend the caption to reflect the dismissal of these parties. Plaintiffs are hereby granted thirty (30) days to obtain counsel to represent minor child A.A. Failure to do so will result in dismissal of claims brought on A.A.'s behalf without prejudice.

Plaintiffs shall promptly advise the Court once all defendants have been served pursuant to Rule 4 of the Federal Rules of Civil Procedure. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. If plaintiffs request in forma pauperis status for any appeal of this order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: February 12, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge