UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BISHME ALLAH,

        Plaintiff,

-against-

THE CITY OF NEW YORK; GLADYS CARRION, Commissioner of the New York City Administration for Children's Services; MARGARET ADEYELE, Child Protective Specialist Supervisor for the New York City Administration for Children's Services; MITCHELL WALKER, Child Protective Specialist Supervisor for the New York City Administration for Children's Services; MICHELLE GLATT, Attorney for the New York City Administration for Children's Services; WILLIAM J. BRATTON, Commissioner of the New York City Police Department; JOHN PHELAN, Detective for the New York City Police Department; DAPHNE ALTEMA; TERRI WALKER, Child Protective Manager for the New York City Administration for Children's Services; NORTH SHORE—LONG ISLAND JEWISH HEALTH SYSTEM; MICHAEL J. DOWLING, President and Chief Executive Officer for the North-Shore Long Island Jewish Health System; JAMIE HOFFMAN-ROSENFELD, Physician for the North-Shore Long-Long Island Jewish Health System,

        Defendants.
----------------------------------------------------------------X

ORDER
15 CV 6852 (CBA)(LB)

**BLOOM, United States Magistrate Judge:**

## BACKGROUND

Plaintiffs Bishme Allah, Nakisha Claiborne, and Nakisha Claiborne for Minor Child A.A. ("Plaintiffs") filed this *pro se* action on December 2, 2015 against the City of New York ("City") and several City employees (collectively "City defendants"), and the North Shore-Long Island Jewish Health System and several of its employees (collectively "Hospital defendants"). (Allah v. City of New York, et al., No. 16 CV 6852, ("Allah I"), ECF No. 1.) On December 18, 2015, Plaintiffs filed an amended complaint adding several claims against the State of New York. (ECF No. 12.) On January 21, 2016,

1

Case 1:15-cv-06852-CBA-LB Document 73 Filed 03/07/17 Page 2 of 5 PageID #: 1416

plaintiff Allah filed a second *pro se* action relating to the same events underlying the first action.[1] (Allah v. State of New York, et al., No. 16 CV 333, ("Allah II"), ECF No. 1.) On February 17, 2016, the Honorable Carol Bagley Amon consolidated the actions.[2] (Allah I, ECF No. 31.) The City defendants answered the complaint and the Hospital defendants filed an unopposed motion to dismiss. (Id. at ECF Nos. 46, 51.)

On September 9, 2016, counsel appeared on behalf of Plaintiffs. (Allah I, ECF No. 55.) On September 13, 2016, the Court held an initial conference. (Id. at Docket Entry, dated Sept. 13, 2016). At the conference, the Court granted Plaintiffs' counsel an opportunity to amend the complaint and, in light of the anticipated amended complaint, marked the Hospital defendants' motion to dismiss as withdrawn without prejudice. (Id.) On November 1, 2016, Plaintiffs' counsel filed a 49 page "Proposed Second Amended Complaint". (Id. at ECF No. 59.) The Proposed Second Amended Complaint set forth 9 causes of action on behalf of plaintiff Bishme Allah.[3] (Id.) On November 3, 2016, the Court held a status conference to address the Proposed Second Amended Complaint. (Id. at Docket Entry, dated Nov. 3, 2016). At the November 3rd conference, I found that the Proposed Second Amended Complaint failed to comply with Federal Rule of Civil Procedure 8(a) and directed plaintiff to file a corrected Second Amended Complaint. (See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement . . . .").

On December 2, 2016, plaintiff's counsel filed a "Corrected Proposed Second Amended Complaint", a table of contents, and a letter explaining the length of the complaint. (Allah I, ECF Nos. 62, 62-1, 62-2.) The Corrected Proposed Second Amended Complaint added eleven causes of action, revived claims against Assistant District Attorney Pamela Bishop and former Commissioner of the Administration of Children's Services Gladys Carrion, and added Queens County District Attorney

---

[1] On February 9, 2016, Allah filed an amended complaint in Allah II. (Allah II, ECF No. 11.)
[2] In addition, Judge Amon dismissed the claims against the Honorable Mary R. O'Donoghue, Assistant District Attorney Pamela Bishop, and the State of New York. (Allah I, ECF No. 31.)
[3] The Proposed Second Amended Complaint withdrew all claims brought on behalf of Nakisha Claiborne and Nakisa Claiborne for Minor Child A.A. (Allah I, ECF No. 59.)

2

Richard Brown as a defendant. (Id. at ECF No. 62-2.) On December 15, 2016, the Court held a status conference to address the Corrected Proposed Second Amended Complaint. (Id. at Docket Entry, dated Dec. 15, 2016.) At the conference, the City and Hospital defendants opposed plaintiff's filing of the Corrected Proposed Second Amended Complaint. (Id.) The Court directed plaintiff to "revise the Corrected Proposed Second Amended Complaint to clarify the 21 causes of action asserted, ECF No. 62-2, at p. 54-66, and [to] identify which defendant(s) each cause of action is against." (Id.) In addition, the Court ordered plaintiff to file a "motion to amend attaching the revised Second Amended Complaint". (Id.) Defendants were permitted to file pre-motion conference letters in response to plaintiff's motion. (Id.)

On January 9, 2017, plaintiff's counsel filed a 9-page "Notice of Motion to Amend", 545 pages of exhibits, and a memorandum in support of the "Notice of Motion to Amend". (Id. at ECF Nos. 66, 66-1 to 66-19, 67, 68.) On January 20, 2017, the Hospital defendants filed a letter-motion seeking to "strike plaintiff's motion due to plaintiff's flagrant disregard of the procedure established" by the Court. (Id. at ECF No. 70.) In the letter-motion, the Hospital defendants argue that plaintiff failed to comply with my December 15th Order which directed plaintiff to edit the causes of actions alleged in the Corrected Proposed Second Amended Complaint.[4] (Id.) In addition, the Hospital defendants argue that plaintiff's "Notice of Motion to Amend" and the memorandum of law "should also be stricken from the Court's docket and [that] a new deadline [should be] set for [defendants'] pre-motion conference letters[.]" Defendants further state that they intend to move to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Id.) By letter dated January 24, 2017, the City defendants joined in the Hospital defendants' requests. (Id. at ECF No. 71.)

On January 26, 2017, plaintiff responded to defendants' letters. (Id. at ECF No. 72.) Plaintiff's counsel submits that they "did technically make other edits" to the Proposed Second Amended

---

[4] The Hospital defendants attach a red-lined Corrected Proposed Second Amended Complaint which highlights the changes made by plaintiff's counsel. (Id. at ECF No. 70-2.)

3

Complaint;[5] however, plaintiff "agree[s] to resubmit the second amended complaint exactly as it was . . . [and] only adding headings to the causes of action." (Id.) In addition, plaintiff argues that their "Notice of Motion to Amend" and their memorandum of law were necessary in order to "comprehensively and with detail explain why [the] amended complaint include[s] [a defendant] previously dismissed by the Court[.]" (Id.)

On February 2, 2017, the Honorable Carol Bagley Amon referred the Hospital defendants' motion to strike to me. (Id. at Docket Entry, dated Feb. 2, 2017).

## DISCUSSION

"[W]hen justice so requires," the Court should freely give leave to amend. Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted unless there is "undue delay, bad faith, undue prejudice to the opposing party, or futility." In re 'Agent Orange' Prods. Liab. Litig., 220 F.R.D. 22, 24 (E.D.N.Y. 2004) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)). In evaluating whether an amendment would be futile, the Court assesses the viability of any *new* claims the movant seeks to add to the pleading. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) ("[L]eave to amend will be denied as futile only if the proposed *new* claim[s] cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." (emphasis added)). Absent a showing by the nonmovant of prejudice or bad faith, "[t]he rule in this Circuit has been to allow a party to amend its pleadings . . . ." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

Here, the Court has given plaintiff's counsel several chances to file an amended complaint as Plaintiffs originally filed the complaint *pro* se. Plaintiff's counsel has filed proposed complaints that are successively more confusing. Plaintiff's counsel has also failed to comply with the Court's instructions. In an effort to move this case forward, and notwithstanding the fact that portions of plaintiff's Corrected Proposed Second Amended Complaint may not withstand defendants' intended motions to dismiss,

---

[5] Plaintiff asserts that the "changes were almost entirely cosmetic and nonsubstantive[] reflecting corrections in typos, grammar, and general form[.]" (Id. at ECF No. 72.)

4

plaintiff's Corrected Proposed Second Amended Complaint, ECF No. 66-2, shall be deemed the operative complaint in this matter.[6] See e.g. Olumuyiwa v. Harvard Prot. Corp., No. 98 CV 5110(JG), 1999 WL 529553, at *7 (E.D.N.Y. July 21, 1999) (where the Court granted leave to amend after the *pro se* plaintiff retained counsel and made clear that "[t]he relief is granted without prejudice to the defendant's right to challenge the legal sufficiency of the amended complaint on a motion to dismiss").

## CONCLUSION

Accordingly, defendants' motion to strike the Corrected Proposed Second Amended Complaint is denied without prejudice to any defendants responding to the pleading as they deem appropriate. Defendants' motion to strike plaintiff's "Notice of Motion to Amend" and memorandum of law are denied as moot. The matter shall proceed on plaintiff's Corrected Proposed Second Amended Complaint. Plaintiff shall electronically file the Corrected Proposed Second Amended Complaint, ECF No. 66-2, as the Third Amended Complaint by March 13, 2017. No changes shall be made to the document filed as ECF No. 66-2 except that it shall be captioned as plaintiff's Third Amended Complaint.[7] The City and Hospital defendants shall file any pre-motion conference request in accordance with Judge Carol Bagley Amon's Individual Motion Practices and Rules by March 31, 2017.[8] SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 7, 2017
Brooklyn, New York

---

[6] Plaintiff's "Motion to Amend/Correct/Supplement" the Complaint, ECF No. 66 shall be terminated by the Clerk.
[7] The Court shall issue amended summonses and plaintiff shall effect service on the newly named defendants forthwith.
[8] Defendants may request the pre-motion conference without waiting for the newly-named defendants to be served.

5